## Griffiths v. Griffiths.

*Practice, C. P.—Bill to enforce trust—Vagueness in allegation—Laches—Question of, raised by demurrer.*

1. A bill in equity filed to enforce an alleged trust of personal property which contains no averment as to the character of the trust or its terms, whether it was created by parol or in writing, nor any allegation of fraud or concealment by defendant, and no explanation of an apparently unreasonable delay in bringing suit, is bad on demurrer.

2. Where facts which show unreasonable delay in filing the bill appear upon its face, the question of laches is properly raised by demurrer.

Demurrer to bill in equity.    C. P. No. 5, Phila. Co., June T., 1922, No. 4374.

*J. R. Scholl*, for plaintiff; *H. J. Alker, Jr.*, and *E. W. Wilson*, for defendant.
3 D. & C.

Griffiths v. Griffiths.

MARTIN, P. J., Aug. 17, 1923.—The bill of complaint in this case was filed July 3, 1922, and avers that in the year 1902 three partners, conducting a business under the name Southwark Manufacturing Company, retired and nominated successors to carry on the business; that one of the nominees was the defendant, who was nominated by his father, one of the original partners, as his successor in the firm. The bill avers that the defendant, "however, was to hold the share assigned to him in trust for himself and his brother, Edwin W. Griffiths, husband of your plaintiff;" and "that, in pursuance to this agreement, the property and business was transferred" to the new partners by a deed duly recorded, the purchase price of the business being $40,000; that it was subsequently incorporated, and $25,000 in preferred stock, and common stock, the amount of which is unknown to plaintiff, was issued to defendant. It is further averred "that at the time the original partners retired and business was taken over by defendant and the other persons named," William H. Griffiths, one of the retiring partners and father of William B. Griffiths, as part of the consideration of his retirement and nomination of William B. Griffiths, stipulated that the said William B. Griffiths should hold the share received by him in trust for the use and benefit of himself and his brother, Edwin W. Griffiths, equally, and a trust was created, whereby William B. Griffiths did account for all profits received from the business to his father, William H. Griffiths, and to his brother, Edwin W. Griffiths, from time to time, and paid the same over to his father, William H. Griffiths, who made distribution equally to and between his two sons, William B. Griffiths and Edwin W. Griffiths; that on or about May 7, 1911, Edwin W. Griffiths had a settlement with his father and closed all accounts between them, and that from and after that time William B. Griffiths, trustee as aforesaid, accounted directly to Edwin W. Griffiths until the time of his death, which occurred Oct. 19, 1912.

It is further averred that Edwin W. Griffiths died intestate and without issue, leaving to survive him the plaintiff, his widow, to whom letters of administration were duly granted.

Plaintiff claims to be entitled to an account individually and in a representative capacity, and she "avers that said William B. Griffiths has received and has in his possession, or should have in his possession, stocks, bonds, moneys or other evidences of interest in the said Southwark Manufacturing Company belonging to said trust estate of very considerable value, the exact amount being unknown to your plaintiff." There is a further averment that plaintiff "has never received any account, nor has she received any money, stocks, bonds or other interests from William B. Griffiths, or any person acting for him, for or on account of her share of this estate of Edwin W. Griffiths in said trust fund."

The bill prayed that defendant be ordered to file an account for discovery, for liquidation and termination of the trust, and for general relief.

A demurrer was filed by defendant, assigning, among other causes, that "the bill of complaint fails to show that the plaintiff is entitled to the relief prayed for or any relief in equity;" "that upon the face of the bill it does not appear that the defendant is liable to the plaintiff in any way; that the bill shows on its face that plaintiff is guilty of laches, and that any claim she might have had has been barred by the lapse of time. The bill fails to aver any sufficient or adequate reason for a delay of from nine to twenty years in seeking equitable relief. The bill fails to state with sufficient clearness and precision any agreement creating a trust, and no facts are alleged from which the existence of a trust could be found. The bill of complaint is so uncertain,

Griffiths v. Griffiths.

indefinite and vague that no responsive decree could be entered. The only assignment of property to defendant alleged in the bill is that included in the deed duly recorded, as referred to in the third paragraph of plaintiff's bill, which deed relates exclusively to real estate, and as to such property no parol trust would be valid under the statute of frauds."

The averments of the bill with respect to the creation of a trust are vague and indefinite, and although a trust of personal property may be established by parol, the evidence must be clear, precise and unequivocal.

It is averred that the defendant was to hold the share of the business assigned to him in trust for himself and his brother, "that a trust was created" and that the defendant accounted for profits received from the business to his father and brother and paid the same to his father, who made distribution between defendant and his brother, and that the husband of plaintiff "had a settlement with his father and closed all accounts between them, and that from and after that time William B. Griffiths accounted directly to Edwin W. Griffiths to the time of his death, which occurred Oct. 19, 1912," but there is no averment of the character of the trust or its terms, whether it was created by parol or in writing; whether it terminated at the death of Edwin W. Griffiths or continued for a longer period, and although letters of administration were granted to plaintiff in 1912, and it is alleged that it was the duty of defendant as trustee to account to her, there is no allegation of fraud or concealment and no explanation of the delay in filing the bill of complaint until 1922; nor is there any averment that Edwin W. Griffiths left no collateral heirs to be joined as parties in this proceeding.

Plaintiff has slept upon her rights and is guilty of unreasonable delay. Her claim is a stale one that should not be enforced in a court of equity upon the facts set forth in the bill of complaint.

A court of equity will refuse relief to parties who have slept upon their rights or who have been negligent in asserting them; and where the facts appear upon the face of the bill, the question of laches is properly raised by demurrer.

And now, to wit, Aug. 17, 1923, the demurrer is sustained and the bill is dismissed.